Upon the trial of the cause in the Superior Court the following facts were established by evidence, and the case was transmitted here with leave to plaintiff to enter a nonsuit if this Court should think the action not maintainable; otherwise, judgment to be entered for the plaintiff.
James Daughtry, father of the plaintiff, died intestate, after which the defendant's testator, as clerk of Northampton County court, issued a paper purporting that one Joseph Daughtry was appointed administrator to James. No administration bond, however, was executed by Joseph; but he sold the personal estate of James, to one-seventh part of which the plaintiff is entitled, which with interest she claimed from the defendant. Except the letters of administration above mentioned, there was no evidence that Joseph was appointed administrator; no suit has been instituted against him by the plaintiff or any distributee, and the present suit was not commenced until after the death of the defendant's testator. The whole of Joseph was appointed administrator; no suit has been instituted against him by the plaintiff or any distributee, and the present suit was not commenced until after the death of the defendant's testator. The whole of Joseph Daughtry's property had been sold under execution.
It is unnecessary to examine whether the defendants are at all liable under the circumstances of this case; for we are all of opinion the present plaintiffs have no right to recover.
To maintain every action it is essential that the plaintiff should have the legal right to the thing demanded. Upon the death of an individual intestate, his personal estate belongs to no one till administration is granted. When granted, the title has relation back to the (93) intestate's death.
The administrator is the only legal owner, and he is in law accountable to no one but the creditor. The claim of the next of kin is from and through the administrator. This is an attempt to claim above him.
Whatever injury the estate of the intestate may have sustained, yet in point of law none can be considered as entitled to satisfaction but the legal owners. If the law were otherwise it would place it in the power *Page 74 
of the next of kin, without security, and possibly insolvent, to obtain possession by suit at law of the whole personal estate of the intestate.
The plaintiffs, therefore, having no right in law, we are of opinion there should be judgment for defendants.